In their Opinion and Award, the majority finds that plaintiff suffered from chondromalacia and finds this condition a compensable occupational disease. I respectfully disagree and vote to affirm the Deputy Commissioner's denial of compensation.
Plaintiff's claim arose when he experienced left elbow pain while performing his duties in the usual and customary manner, without any unusual events or circumstances occurring. Unable to meet the requirements of a compensable injury by accident, plaintiff sought compensation for an occupational disease. Plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. Gen. Stat. §97-53(13). The plaintiff must show that (1) the disease is characteristic of a trade or occupation; (2) the disease is not an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there is proof of causation. Hansel v. Sherman Textiles,304 N.C. 44, 283 S.E.2d 101 (1981).
In the instant case, there was no medical testimony showing that plaintiff was at an increased risk of developing chondromalacia as compared to members of the general public not so employed. Dr. Christopher T. Lechner, the only expert medical witness to testify in this case, could only say chondromalacia usually appears in people who use their arms a lot such as athletes. The majority improperly infers the required increased risk element without sufficient medical evidence. The Court of Appeals in Norris v. Drexel Heritage Furnishings,139 N.C. App. 620, 534 S.E.2d 259 (2000), specifically held that medical testimony is required to meet the increased risk requirement necessary for an occupational disease to be compensable under the Act.
There is also inadequate testimony to show that plaintiff's condition was related to his employment. Dr. Lechner testified that plaintiff's case was difficult to put in the workers' compensation category and wrote in a medical note "I also explained (to plaintiff) I did not feel that this was related to repetitive work." Dr. Lechner testified that it was possible repetitive motion caused plaintiff's condition but would not commit to a causal connection between plaintiff's condition and his employment.
Plaintiff has not proven that he contracted a compensable occupational disease as a result of his employment with defendants. Therefore, I must respectfully dissent from the opinion of the majority in this case.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER